Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1814 | **DATE** | 11/6/2000 |
| **CASE TITLE** | Smith vs. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Respondent's motion to dismiss (9-1) is denied. Respondent has until 12/8/00 to respond on merits and the petitioner has until 1/08/01 reply. Ruling set for 2/9/01 at 10:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 07 2000 date docketed | |
| | Notified counsel by telephone. | | | 27 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 11/6/2000 date mailed notice | |
| MPJ | courtroom deputy's initials | 00 NOV -6 PM 5: 25 | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. CLAYBORN SMITH, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 00 C 1814 |
| ROGER COWAN, Warden, Menard Correctional Center, | ) ) ) | |
| Respondent. | ) ) | |

DOCKETED

NOV 0 7 2000

## MEMORANDUM OPINION AND ORDER

Clayborn Smith filed a petition for a writ of habeas corpus on March 24, 2000. The State filed a motion to dismiss Mr. Smith's petition as untimely, which I deny.

I.

Mr. Smith was convicted of murdering of his great aunt and his grandfather on October 17, 1992. The Illinois Appellate Court affirmed his conviction on October 28, 1996. He had twenty-one days, or until November 18, 1996, to petition for leave to appeal to the Illinois Supreme Court. The Appellate Court granted several extensions of time, and Mr. Smith timely filed his petition for rehearing on May 21, 1997. The Court of Appeals denied his petition for rehearing on June 17, 1997. He mailed a petition for leave to appeal to the Illinois Supreme Court on July 18, 1997, and

the Illinois Supreme Court denied the petition on December 3, 1997. He had 90 days, or until March 3, 1998, to file a petition for a writ of certiorari with the United States Supreme Court, which he did not do. The State argues that he had one year from this date to file his federal petition for a writ of habeas corpus.[1]

On March 19, 1997, while his direct appeal was still pending, Mr. Smith filed a bare-bones petition for post-conviction relief under the Illinois Post-Conviction Hearing Act ("IPCHA"), 725 ILCS 5/122-1 et seq. At the same time, he also filed a motion for extension of time to file "'post-conviction and attached exhibits due 4/28/97,' claiming that the prison was on lockdown and he needed proof of a court deadline to gain access to the law library."[2] On May 30, 1997, the Circuit Court dismissed his petition as frivolous and without merit because he had "failed to attach any documentation to his petition which supported [his] conclusory allegations." The Illinois Appellate Court affirmed the dismissal on September 8, 1997, and his petition for leave to

---

[1] This argument was raised for the first time in the State's reply brief.

[2] On appeal, the State argued that the motion had been "implicitly" denied when the petition was denied as frivolous, but the motion was apparently not ruled on until July 16, 1997, when the Circuit Court denied Mr. Smith's motion to vacate the judgment and reinstate the petition.

appeal to the Illinois Supreme Court was denied on February 4, 1998. This is the date that the State originally argued I should use to compute the timeliness of Mr. Smith's petition.

On May 21, 1997, before Mr. Smith knew that his first petition had been denied, he mailed an amendment to his petition, setting forth specific allegations of constitutional violations. Mr. Smith's amended petition was not file-stamped until June 3, 1997, however, four days after the Circuit Court denied his initial petition as frivolous. On June 20, 1997, the Circuit Court summarily dismissed this amended petition as successive because it had already ruled on the initial petition. Mr. Smith moved the Court to vacate its judgment and reinstate his petition, but the Court denied his motion on July 16, 1997. Mr. Smith appealed, and he was represented by counsel on appeal. He argued that the Circuit Court should have considered the amended petition as an amendment, not a successive petition. The Appellate Court affirmed the dismissal on April 30, 1999, denied rehearing on June 28, 1999, and Mr. Smith's petition for leave to appeal to the Illinois Supreme Court was denied on December 1, 1999. Mr. Smith argues that his conviction became final on December 1, 1999, and that his amended petition was "properly filed" so that the time it was pending is excludable under the Antiterrorism and Effective Death

-3-

Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(2).

II.

In its original motion to dismiss, the State had argued that Mr. Smith's conviction became final on February 4, 1998, when the Illinois Supreme Court declined to hear his initial petition for post-conviction relief. Mr. Smith objected in his response and pointed to further proceedings on direct appeal. In reply, the State said, in effect, oops--"[u]pon review of the record, Petitioner did file a petition for rehearing on May 21, 1997," and so "Petitioner's petition for leave to appeal to the Illinois Supreme Court was timely filed." The State then argued in its reply that Mr. Smith's direct appeal was completed on December 3, 1997, when the Illinois Supreme Court denied his petition, and he had 90 days, or until March 3, 1998, to petition the United States Supreme Court. The State argues that Mr. Smith's first petition for post-conviction relief did not toll the limitations period under § 2244(d)(2) because it was premature, and therefore not timely filed. According to the State, Mr. Smith had a year from March 3, 1998, or until March 3, 1999, to file his habeas petition here, so his March 24, 2000, filing was too late.

Mr. Smith has not had an opportunity to discuss this theory, because it was raised in the State's reply. Arguments first

-4-

presented in a reply brief are waived. "'The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.' The reason for this rule of waiver is that a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues." *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (internal citations omitted). Even if it were not waived, I would not require Mr. Smith to respond to this argument because it is without merit.

Under the Illinois Post-Conviction Hearing Act ("IPCHA"), a prisoner must file his petition *no later than* 6 months after the denial of a petition for leave to appeal (or the date the petition was due if he did not file one), forty-five days after the prisoner files a brief appealing his sentence in the Illinois Supreme Court (or the date the brief was due if he did not file one), or three years from the date of conviction, whichever is shortest. 725 ILCS 5/122-1. The IPCHA does not specify an earliest date that a prisoner may file his petition, and Illinois courts have held that the IPCHA does not "bar[] a trial court from considering a post-conviction petition while a direct appeal is pending." *People v. Williams*, 724 N.E.2d 230, 233 (Ill. Ct. App. 2000). In any event, the Illinois courts did not consider this issue when they reviewed

the dismissal of Mr. Smith's post-conviction petition,[3] and I will not consider it here. Because the state courts did not dismiss either petition in the ground that it was procedurally barred because it was filed too early, premature filing is not an "adequate and independent state ground" that would bar my review on the merits. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989). It would be absurd to deny Mr. Smith substantive review of his petition for habeas because he filed a state post-conviction petition too early. His initial post-conviction petition was "properly filed," so it tolled the limitations period under § 2244(d)(2). The State is limited to the arguments it raised in its initial motion to dismiss.

The time when Mr. Smith's direct appeal concluded was not essential to the State's original argument. Even so, the State's

---

[3] Even if the Illinois courts had considered this question, it would not have resulted in a dismissal on this issue. "[I]n the absence of . . . a provision barring consideration of a postconviction petition while a direct appeal is pending, a trial court's dismissal of a petition without an evidentiary hearing must be based upon specific allegations appearing in the petition." *Williams*, 724 N.E.2d at 233. That means that a post-conviction petition cannot be dismissed on the procedural ground that it was filed too early. If the trial court does not decide the case on its merits, the appropriate resolution is to hold the petition in abeyance until completion of the direct appeal, or to dismiss the petition without prejudice so that the prisoner may file another petition without the risk that it be considered "successive." *Id.* at 234.

-6-

failure to properly review the record to determine the date when Mr. Smith's direct appeal was completed is unacceptably sloppy.

III.

The State's original argument was that Mr. Smith's petition was untimely because the limitations period began to run when the Illinois Supreme Court declined to hear an appeal of the dismissal of his first petition for post-conviction review. Under the AEDPA, a prisoner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." *Id.* at § 2244(d)(2).

In the Seventh Circuit, whether a petition has been "properly filed" is "determined . . . by looking at how the state courts treated it. If they considered the claim on its merits, it was properly filed; if they dismissed it for procedural flaws . . . , then it was not properly filed." *Freeman v. Page*, 208 F.3d 572,

576 (7th Cir. 2000).[4] I presume that a state court has considered a case on the merits "'unless the last state court rendering judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). The Appellate Court affirmed the dismissal of Mr. Smith's amended petition on procedural grounds, holding that the amended petition was an improper successive petition. The Appellate Court also considered the merits in the alternative, and concluded that Mr. Smith's amended petition would not withstand summary dismissal.

Ordinarily, a state court's ruling on express state procedural grounds is determinative of whether a petition was properly or improperly filed, even if the state court considers the merits in the alternative:

> [A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state grounds doctrine required the federal court to honor a state holding *that is a sufficient basis for the state court's judgment*, even when the state court also relies on federal law.

*Harris*, 489 U.S. at 264 n.10 (emphasis added). But where the state

---

[4] The Supreme Court has granted certiorari in *Bennett v. Artuz*, 199 F.3d 116 (2d Cir. 1999) to resolve a split among the circuits on the meaning of "properly filed." *See Bennet v. Artuz*, -- U.S. --, 120 S.Ct. 1669, 146 L.Ed.2d. 479 (2000).

-8-

court's reliance on a procedural rule to avoid reaching the merits of the petition is so erroneous that it is inconsistent with any notions of due process, state or federal, there is not an "adequate" state ground. "Failure to comply with state procedural rules . . . provides an adequate basis for barring federal habeas relief 'only if the state court acts in a consistent and principled way. . . .'" *Barksdale v. Lane*, 957 F.2d 379, 382 (7th Cir. 1992) (also noting that a "freakish" basis of decision may evidence state discrimination against the assertion of federal rights). There was no "sufficient basis" for the Illinois Appellate Court to determine that Mr. Harris' petition was successive, and therefore, for federal habeas purposes, improperly filed.

Under Illinois law, a defendant is entitled to file only one post-conviction petition. *See People v. Jones*, 730 N.E.2d 26, 28 (Ill. 2000). Under the IPCHA, any claim not raised in the original or an amended petition is waived. *See* 725 ILCS 5/122-3. Generally, multiple or "successive" petitions are not allowed, and "a defendant faces a daunting procedural hurdle when bringing a successive post-conviction proceeding." *Jones*, 730 N.E.2d at 29.

Mr. Smith's petition was not successive. It was an amendment. He filed a motion for extension of time when he filed his initial

petition for post-conviction relief. The motion for extension of time is not itself in the record supplied by the state, but the Appellate Court refers to it as "a motion for a 30-day extension to file 'post-conviction and attached exhibits due 4-28-97,' claiming that the prison was on lockdown and he needed proof of a court deadline to gain access to the law library." Illinois courts construe pro se pleadings liberally. *People v. Duke*, 711 N.E.2d 484, 486 (Ill. Ct. App. 1999). It is clear from Mr. Smith's motion that he intended to amend his petition, and the Illinois courts should have treated it as an amendment, not a successive petition.

The fact that Mr. Smith's amended petition was not file-stamped until after the Circuit Court ruled on his initial petition does not make it successive. Illinois considers pleadings filed by prisoners as filed on the date they are provided to prison officials for mailing, not the date they are received or file-stamped. *See People v. Saunders*, 633 N.E.2d 1340, 1341 (Ill. Ct. App. 1994). Mr. Smith mailed his amended petition on May 21, 1997,[5] nine days before the Circuit Court even ruled on his first

---

[5] No certificate of service or delivery to prison officials is included in the record provided by the State, but the Appellate Court held that the amended petition was mailed on May 21, 1997, and I must give great deference to the state court's findings of fact in habeas cases. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983).

petition or his motion for an extension of time. The State cites no authority to support its argument that the amended petition, mailed before the court ruled on the original petition, was successive. The only case cited by the Appellate Court, *People v. Flores*, 606 N.E.2d 1078 (Ill. 1993), is distinguishable. There, the Illinois Supreme Court dismissed the prisoners petition as successive where he filed it *after* the Illinois Supreme Court denied his appeal of the dismissal of his first petition and the United States Supreme Court had denied certiorari. *See id.* at 1082. Here, the amended petition was mailed before even the trial court had ruled on the initial petition. Mr. Smith's federal petition, filed March 24, 2000, was therefore timely filed and federal habeas review is not barred on the stated procedural grounds. The State's motion to dismiss is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*
Elaine E. Bucklo
United States District Judge

Dated: November 6, 2000

Copies have been mailed to:

Clayborn Smith, B13485
Menard Correctional Center
P.O. Box 711
Menard, IL  62259

Petitioner

Michael Hoard
Assistant Attorney General
100 W. Randolph Street, 12th Fl.
Chicago, IL  60601

Chief of Criminal Appeals
Office of the Attorney General
100 W. Randolph Street, 12th Fl.
Chicago, IL  60601

Attorneys for Respondent