Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1814 | **DATE** | 6/28/2002 |
| **CASE TITLE** | Smith vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus in part. The respondent has until 7/31/02 to respond on the merits of the claims as set forth in this opinion. Mr. Smith has until 8/31/02 to file any additional reply limited to 15 pages. Ruling set for 9/20/02 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 1 2002 | 75 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | S.B. | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/28/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel. )
CLAYBORN SMITH, )
 )
 )
Petitioner, )
 )
v. ) No. 00 C 1814
 )
JONATHAN R. WALLS, Warden, )
Menard Correctional Center, )
 )
Respondent. )

DOCKETED
JUL 0 1 2002

## MEMORANDUM OPINION AND ORDER

Clayborn Smith filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, on March 24, 2000. The State filed a motion to dismiss Mr. Smith's petition as untimely, which I initially denied, then granted on reconsideration. I issued a certificate of appealability on the timeliness of his petition, and the Seventh Circuit held that, under the rule announced in *Artuz v. Bennett*, 531 U.S. 4 (2000), Mr. Smith's petition was timely. *See Smith v. Walls*, 276 F.3d 340, 345 (7th Cir. 2002). On remand, I consider Mr. Smith's habeas petition on its merits, and deny it in part, and order further briefing on the merits of some of his claims.

I.

Mr. Smith was convicted of murdering his great aunt and his grandfather, and for attempting to murder his mentally disabled and wheelchair-bound great uncle on October 17, 1992. He confessed to beating and stabbing them and setting fire to the house where he

left them. He was also convicted of aggravated arson. The Illinois Appellate Court affirmed his conviction on October 28, 1996. He filed a petition for leave to appeal to the Illinois Supreme Court, which was denied.

Mr. Smith filed two state post-conviction petitions, each of which was denied and the denials were affirmed on appeal. He filed petitions for leave to appeal those denials to the Illinois Supreme Court, which were also denied, and he ultimately filed this petition, raising seven grounds for relief: (1) and (2)[1] that his confession was coerced and improperly admitted at his trial; (3) that he was denied due process when perjured testimony was admitted at his suppression hearing; (4) that the state court improperly denied his request for the common law record during post-conviction proceedings; (5) that the state court improperly summarily dismissed his post-conviction petition without appointing counsel where it contained a non-frivolous claim for ineffective assistance of appellate counsel; (6) that his trial counsel was constitutionally ineffective; and (7) that his appellate counsel was constitutionally ineffective. He filed a supplemental petition seeking an evidentiary hearing on his ineffective assistance of trial counsel claim based on newly discovered evidence of systematic coercion by the officers who interrogated him, and

---

[1] Although Mr. Smith lists these as two separate grounds, the claims are the same.

2

adding a claim that (8) his conviction violated due process because he was sentenced according to aggravating factors that were not submitted to a jury as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The state argues that several of Mr. Smith's claims are not cognizable on habeas review – 4) the erroneous denial of the common law record during his post-conviction proceedings, (5) the summary dismissal of his state post-conviction petitions without appointment of counsel, and his request for an evidentiary hearing with respect to (6) the ineffective assistance of counsel for failing to investigate whether the detectives who interrogated him had engaged in systematic coercion of suspects. As to the claims of error in the post-conviction proceedings, "[e]ven where there may be some error in state post-conviction proceedings, this would not entitle [petitioner] to federal habeas corpus relief since [petitioner]'s claim here represents an attack on a proceeding collateral to detention of [petitioner] and not on the detention itself, which we have found to be lawful." *Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1981), *cited with approval in Gerald v. Duckworth*, No. 93-1192, 46 F.3d 1133, 1995 WL 42337, at *7 (7th Cir. Jan. 27, 1995). Moreover, to the extent that these claims are based on alleged constitutional violations, those constitutional claims are raised elsewhere in Mr. Smith's petition.

With respect to the request for an evidentiary hearing, the state argues that Mr. Smith has failed to meet the standards in § 2254(e)(2). Section 2254(e)(2) provides that, if the factual basis of a claim was not developed in the state courts, I:

> shall not hold an evidentiary hearing unless the applicant shows that —
> (A) the claim relies on —
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

No new rule of constitutional law is implicated, so Mr. Smith must demonstrate that the failure to develop a factual record in the state courts was not his fault. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). Whether a petitioner is at fault for an undeveloped record is a question of diligence. *Id.* at 435. Diligence turns on "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful." *Id.* "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. Mr. Smith says that the reason he did not develop a record in state court was the ineffective assistance

4

of his trial counsel, though he does not explain the failure to develop a record during post-conviction proceedings. The material he attaches relates to incidents from 1988 to 1995, all before Mr. Smith filed his first state post-conviction petition in 1997, and there is nothing in the record that indicates that he brought this material to the attention of the state courts. Nonetheless, even if Mr. Smith could demonstrate that he were diligent, he cannot demonstrate that, even if the new evidence were considered and established a constitutional error from his counsel's failure in suppressing his confession, no reasonable factfinder would have convicted him. Even if his confession had been suppressed, the remaining evidence against him, which I discuss below, was overwhelming.

The state also argues that Mr. Smith defaulted several of his claims – (3) the use of perjured testimony, (6) ineffective assistance of trial counsel, (7) ineffective assistance of trial counsel, and (8) his *Apprendi* claim – because he did not raise them in his petition for leave to appeal to the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding that prisoner may not raise claims in habeas petition that were not presented to highest court for discretionary review). The rule announced in *Boerckel* applies to claims raised in petitions for leave to appeal denials of state post-conviction petitions, *see Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001), so any

claim that was raised in any of Mr. Smith's three petitions for leave to appeal is not defaulted under *Boerckel*. Mr. Smith raised claim (3) in his petition for leave to appeal from his direct appeal, Ex. D, and claim (6) and claim (7) in his petition for leave to appeal from his second post-conviction petition, Ex. V. Mr. Smith raised the ineffective assistance claims in the context of an erroneous summary denial of his post-conviction petition, which does not itself raise any constitutional claim. However, the reason that he argued it was erroneous was because he had stated a non-frivolous claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *See* Ex. V at 11, 18-30 (stating reasons why appellate counsel was ineffective and referring to *Strickland*); *id.* at 13-18 (stating that appellate counsel should have raised the ineffectiveness of trial counsel and listing trial counsel's alleged failings). This is sufficient to fairly present the issues of ineffective assistance of trial and appellate counsel to the state court. *See Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996) (holding that "both the operative facts and the controlling legal principles of a constitutional claim must be submitted to the state court" to avoid default).

Only claim (8), his *Apprendi* claim, was not raised in a petition for leave to appeal. Mr. Smith does not demonstrate cause and prejudice for his failure to raise his *Apprendi* argument, but even if he could, the claim is not cognizable because neither the

6

Supreme Court nor the Seventh Circuit has held that *Apprendi* applies retroactively on collateral attack. *See United States v. Smith*, 241 F.3d 546, 548-49 (7th Cir. 2001) (also holding that the lack of precedent for a position is not "cause" for failure to raise the argument). The other claims – (3), (6), and (7) – are not defaulted.

II.

The only claim that the state answered on the merits was the involuntary confession claim – (1) and (2) in Mr. Smith's petition. I need not reach the question of whether the admission of Mr. Smith's confession was erroneous, however, because even if it was, the erroneous admission of an involuntary confession is a trial error, subject to harmless error analysis. *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The same analysis applies to his claim (3) that he was denied due process at his suppression hearing because of perjured testimony of police officers, which resulted in the admission of his confession at trial. *See* pet. at 23 (alleging that perjured testimony resulted in constitutional violations alleged in ground (2) of petition). "In a habeas proceeding, in order to determine whether a trial error was harmless we must determine whether, in the context of the record as a whole, the error '"had substantial and injurious effect or influence in determining the jury's verdict"' which resulted in 'actual prejudice' to the defendant." *Jenkins v. Nelson*, 157 F.3d 485, 494

7

(7th Cir. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)). "[W]here the record is so evenly balanced that a conscientious judge is in grave doubt as to the harmlessness of an error," the admission of a coerced confession is not harmless. *O'Neal v. McAninch*, 513 U.S. 432, 437 (1995).[2]

I have no grave doubt here, where the evidence of guilt, even without Mr. Smith's confession, was damning. There was evidence at trial that Mr. Smith admitted to Clinton Tramble,[3] a fellow resident of the boardinghouse where Mr. Smith resided, that he had "done something really bad": "he had done his uncle and auntie" and that "he had hit his auntie with a skillet and an iron, and that he put gasoline on his uncle." Ex. A at 12. Mr. Smith had his grandfather's wallet, and he attempted, unsuccessfully, to use his grandfather's cash station card to take out money, and to negotiate a check from his grandfather's checkbook.

Karen Tate, Mr. Smith's girlfriend and mother of his child, testified before the grand jury that Mr. Smith admitted to hitting

---

[2] The Seventh Circuit has expressed doubt about, but has not resolved, whether the *Brecht* standard survived the passage of the AEDPA in 1996, or whether a stricter standard applies post-AEDPA. *See Denny v. Gudmanson*, 252 F.3d 896, 905 n.4 (7th Cir. 2001); *see also Whitehead v. Cowan*, 263 F.3d 708, 726 n.3 (7th Cir. 2001). I need not resolve this conflict, however, because the result here would be the same under either standard.

[3] Mr. Tramble was charged with obstruction of justice for assisting Mr. Smith with the disposal of his grandfather's wallet, and agreed to testify in exchange for dismissal of the charges. Ex. A at 13 n.4.

8

his great aunt with a pole and an iron, though Ms. Tate did not recall this testimony at trial, and was impeached with it. Ex. B at 23. Israel Moore, who knew Mr. Smith, testified before the grand jury that Mr. Smith had admitted to wrestling with his grandfather and hitting him with a frying pan. His testimony at trial differed, and he was also impeached with his grand jury testimony. Ex. B at 24. The state also admitted evidence that, prior to the trial, Mr. Moore had been arrested on unrelated charges and was carrying grand jury transcripts with handwritten notes that had been mailed to him by Mr. Smith, and that Mr. Smith had called Mr. Moore several times from jail.

One of the defendant's cousins, who found the bodies of the victims, testified that all the windows and doors of the victims' house were locked and that there was no sign of forced entry. Other relatives testified that there was an ongoing "feud" between Mr. Smith and his grandfather, and that Mr. Smith's grandfather did not want Mr. Smith to live with him because he believed that Mr. Smith was a gang leader who sold drugs. Ex. B at 8. Bloodstained clothing was seized from Mr. Smith when he was arrested, and his bloodstained shoes, as well as his grandfather's wallet, were introduced at trial. Forensic evidence demonstrated that the fire was intentionally set with some flammable liquid, and that the fire originated in the kitchen and near the body of Mr. Smith's grandfather. The only defense evidence was a stipulation that an

assistant state's attorney had interrogated Mr. Tramble, and that she would testify that Mr. Tramble had not told her when he had smoked cocaine with Mr. Smith. Ex. A at 16.

On this record, the admission of Mr. Smith's confession, even if erroneous, was not prejudicial. Mr. Tramble' testimony, as well as the grand jury testimony and incredible trial testimony of Ms. Tate and Mr. Moore, and the physical evidence of Mr. Smith's role in the crime, provided overwhelming evidence of Mr. Smith's guilt. Because his confession to the police was cumulative of his confessions to Mr. Tramble, Ms. Tate and Mr. Moore, the admission of his confession, even if erroneous, was harmless. *See United States v. Thompson*, 286 F.3d 950, 962 (7th Cir. 2002) (admission of statements harmless error where "the government presented overwhelming evidence of the defendants' guilt; [the erroneously admitted statements] were not very important to the government's case; and, to the extent the statements were important, they were cumulative").

IV.

Mr. Smith is not entitled to relief on the merits on the basis of the admission of his confession at trial (claims (1), (2), and (3)); his claims of errors in the state post conviction proceedings are not cognizable (claims (4) and (5)); and he has procedurally defaulted his *Apprendi* claim (claim (8)), so his petition is DENIED IN PART with respect to those claims. However, because I find that

he has not procedurally defaulted his remaining claims (claims (6) and (7)), I ORDER the state to respond on the merits of those claims by July 31, 2002. Mr. Smith may file any additional reply by August 31, 2002, but he is limited to the fifteen page limit prescribed by Northern District Local General Rule 7.1.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   June 28, 2002