Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1814 | **DATE** | 1/27/2003 |
| **CASE TITLE** | Smith vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Smith's petition for a writ of habeas corpus is denied and the case is terminated. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 28 2003 date docketed | 88 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 1/27/03 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mp mailing deputy initials | |

| | |
|---|---|
| UNITED STATES ex. rel, ) | |
| CLAYBORN SMITH, JR., ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 00 C 1814 |
| ) | |
| JONATHON R. WALLS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Smith's petition for a writ of habeas corpus is DENIED.

Clayborn Smith was convicted of murdering his great aunt and his grandfather on October 17, 1992. The Illinois Appellate Court affirmed his conviction on October 28, 1996. He had twenty-one days, or until November 18, 1996, to petition for leave to appeal to the Illinois Supreme Court. The Appellate Court granted several extensions of time, and Mr. Smith timely filed his petition for rehearing on May 21, 1997. The Court of Appeals denied his petition for rehearing on June 17, 1997. He mailed a petition for leave to appeal to the Illinois Supreme Court on July 18, 1997, and the Illinois Supreme Court denied the petition on December 3, 1997. He had 90 days, or until March 3, 1998, to file a petition for a writ of certiorari with the United States Supreme Court, which he did not do.



On March 19, 1997, while his direct appeal was still pending, Mr. Smith filed a bare-bones petition for post-conviction relief under the Illinois Post-Conviction Hearing Act ("IPCHA"), 725 ILCS 5/122-1 *et seq*. At the same time, he also filed a motion for extension of time to file "'post-conviction and attached exhibits due 4/28/97,' claiming that the prison was on lockdown and he needed proof of a court deadline to gain access to the law library." On May 30, 1997, the Circuit Court dismissed his petition as frivolous and without merit because he had "failed to attach any documentation to his petition which supported [his] conclusory allegations." The Illinois Appellate Court affirmed the dismissal on September 8, 1997, and his petition for leave to appeal to the Illinois Supreme Court was denied on February 4, 1998.

On May 21, 1997, before Mr. Smith knew that his first petition had been denied, he mailed an amendment to his petition, setting forth specific allegations of constitutional violations. Mr. Smith's amended petition was not file-stamped until June 3, 1997, however, four days after the Circuit Court denied his initial petition as frivolous. On June 20, 1997, the Circuit Court summarily dismissed this amended petition as successive because it had already ruled on the initial petition. Mr. Smith moved the Court to vacate its judgment and reinstate his petition, but the Court denied his motion on July 16, 1997. Mr. Smith appealed, and

2

he was represented by counsel on appeal. He argued that the Circuit Court should have considered the amended petition as an amendment, not a successive petition. The Appellate Court affirmed the dismissal on April 30, 1999, denied rehearing on June 28, 1999, and Mr. Smith's petition for leave to appeal to the Illinois Supreme Court was denied on December 1, 1999.

On March 24, 2000, Smith filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging numerous constitutional flaws in his trial and conviction. I dismissed the petition as untimely, but that holding was reversed by the Seventh Circuit. On remand, I considered Mr. Smith's habeas petition on its merits, and denied it in part, and ordered further briefing on the merits of his ineffective assistance of counsel claims.

Respondent's supplemental response focuses exclusively on the argument that the Illinois Appellate Court's ruling that Mr. Smith waived these claims by raising them in an impermissible successive post-conviction petition constitutes an independent and adequate state ground for denying his claims. If so, this court would have no power to address the merits of Mr. Smith's claims. *See Coleman v. Thompson*, 501 U.S. 722 (1991).

My reading of the Seventh Circuit's opinion in this case suggests that respondent is correct. The holding in that case was that a post-conviction petition dismissed by the Illinois courts as successive may nevertheless be "properly filed" for purposes of

3

tolling the one-year statute of limitations period for federal habeas corpus claims. *Smith v. Walls*, 276 F.3d 340, 342 (7th Cir. 2002). The applicable statute states that "any claim of substantial denial of consitutional rights not raised in the original or an amended petition is waived." 725 ILL. COMP. STAT. 5/122-3. The court explained that "a successive petition that is later dismissed as procedurally barred is 'properly filed' as long as it conforms to Illinois' formal filing requirements." *Id.* at 344. In other words, the claims in a "properly filed" petition may still be procedurally barred. The opinion gives no indication that the procedural bar is any less an independent and adequate state ground for dismissal because the barred claim operates to toll the statute.

Mr. Smith's second post-conviction petition was properly filed, but the Illinois Appellate Court affirmed its dismissal as successive. In the absence of evidence that Illinois applies 725 ILL. COMP. STAT. 5/122-3 in a "freakish" manner, that dismissal constitutes an independent and adequate state ground for denial of Mr. Smith's petition. *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990). If the state procedural rule is "firmly established and regularly followed," its application is not freakish. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). Therefore, since at the state level Mr. Smith only fleshed out his ineffective assistance of counsel theories in a well-filed but procedurally barred successive petition, I cannot evaluate their

merits here, but must dismiss his petition for a writ of habeas corpus.

Smith's petition for a writ of habeas corpus is DENIED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: January 27, 2003